UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:01 CR 157 |
| | ) | |
| RUDOLPH TORRES PENA | ) | |

## OPINION and ORDER

This matter is before the court on defendant Rudolph Pena's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 400.) For the reasons that follow, the motion will be denied.

I.  BACKGROUND

In October 2002, following his guilty plea, Pena was sentenced to a 300-month term of imprisonment, to be followed by a five-year term of supervised release, for two counts of first degree RICO Murder, in violation of 18 U.S.C. § 1962(c), (d). (DE # 259.) Pena is currently incarcerated at FMC Rochester, in Rochester, Minnesota. Pena is 40 years old and has a projected release date of August 17, 2022. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 1, 2020).

On July 30, 2020, Pena filed a motion for early release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 400.) Pena claims that his obesity and vitamin d deficiency place him at higher risk of serious illness were he to contract COVID-19, and this risk constitutes an extraordinary and compelling reason justifying his early release from prison. (DE # 400 at 2.)

Pursuant to this court's General Order 2020-11, the undersigned referred Pena's

motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Pena may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 402.) After reviewing Pena's case, the FCD filed a notice of non-representation, stating that they would be unable to assist Pena. (DE # 403.) The Government opposes Pena's request for compassionate release. (DE # 408.) Pena filed a reply in support of his motion. (DE # 413.) This matter is now ripe for ruling.

II. ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

    **1.**     **Exhaustion**

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Here, Pena's motion states that he believed filing a motion for compassionate release with his facility would be "redundant" because the warden of his facility submitted a request for home confinement on Pena's behalf. (DE # 400 at 4-5.) Yet, a request for home confinement is not the same thing as a request for compassionate release. *Compare* 18 U.S.C. § 3624(c)(2) *and* 18 U.S.C. § 3582(c)(1)(A). The court has authority to reduce a defendant's sentence pursuant to § 3582(c)(1)(A), but has no authority to determine the place of a defendant's incarceration pursuant to § 3624(c)(2). *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . ..");  *United States v. Richard*, No. 17-30014, 2020 WL 4500670, at *8 (C.D. Ill. Aug. 5, 2020) ("[T]he Court lacks authority to direct the BOP to place the Defendant in home confinement[.]"). Pena's motion makes plain that he did not file a request for compassionate release with his facility, a prerequisite to relief under § 3582(c)(1)(A). Accordingly, Pena's motion must be denied for failure to exhaust.

 2.    **Extraordinary and Compelling Reasons**

Even if Pena had met the exhaustion requirement, his motion would be denied on the basis that he has not established that there is an extraordinary and compelling reason to grant him early release from prison. The court is only authorized to grant defendant's request if there exists "extraordinary and compelling reasons" justifying

3

his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment.[1] U.S.S.G. § 1B1.13 cmt. n.1.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Pena argues that his obesity and vitamin d deficiency place him at an increased risk of serious illness, were he to contract COVID-19. The CDC has identified obesity as a factor that increases the risk of severe illness from COVID-19. *See People with Certain*

---

[1] The court notes that § 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

4

*Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last visited Oct. 1, 2020).

While Pena may be at an increased risk were he to contract COVID-19, it appears that the BOP is effectively controlling the spread of COVID-19 at the facility where he is incarcerated. FMC Rochester currently has 25 inmate and 8 staff cases of COVID-19 at its facility. There have been zero inmate or staff deaths due to the virus. There have been 16 inmates and 2 staff members at the facility that have recovered from COVID-19. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Oct. 1, 2020).

The court finds that the existence of COVID-19 within Pena's prison, even considered in conjunction with his medical ailments, is not an extraordinary and compelling reason that would justify a reduction in his term of imprisonment. Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to Pena's situation and his concern about potentially becoming infected with COVID-19, the circumstances in this case do not justify his early release, particularly because it appears that the virus has been effectively controlled at his facility. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of

5

COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, even if Pena had exhausted his administrative remedies, his motion would nevertheless be denied.

## III.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 400).

**SO ORDERED.**

Date: October 5, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

6